IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 7:08-CR-00035-1 |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY DJUAN CAMPBELL, ) | By: Hon. Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

Timothy Djuan Campbell, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 95. The government concedes that Campbell is eligible for consideration of a reduction in his sentence. For the reasons stated below, the court **GRANTS** Campbell's motion, and reduces his revocation sentence from 36 years to 24 months, to run consecutive to his sentence for heroin distribution in United States v. Campbell, 7:17-cr-00003.

## BACKGROUND

On October 15, 2008, Campbell entered into a plea agreement in which he pled guilty to one count of possessing more than five grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Plea Agreement, ECF No. 27. On January 16, 2009, Campbell was sentenced to 137 months incarceration to be followed by a 5-year term of supervised release. J., ECF No. 32. On August 20, 2009 his sentence was reduced to 100 months based on a substantial assistance motion. Am. J., ECF No. 40. On March 7, 2012, his sentenced was further reduced to 73 months pursuant to Amendment 750 of the sentencing guidelines, with all other terms to remain the same. Am. J., ECF No. 49. Campbell was released to supervision on February 14, 2014. Pet. for Warrant, ECF No. 50.

On May 15, 2015, the United States Probation Officer supervising Campbell petitioned the court for an arrest warrant, alleging Campbell committed several violations of state law, including stealing a person's keys, assaulting his girlfriend, reckless driving, and driving while suspended and revoked. It also was alleged that he had frequented places where controlled substances were illegally sold, used, distribute, and administered, and failed to obtain employment. Id. Campbell was arrested on June 1, 2015. ECF No. 57. On September 28, 2015, Campbell was found to have committed the state law offenses and he was sentenced to time served on the revocation. J., ECF No. 68.

On February 19, 2017, Campbell was indicted by a federal grand jury and charged with three counts of distributing a measurable quantity of heroin. United States v. Campbell, No. 7:17-cr-00003 (W.D. Va. filed Jan. 1, 2017). Campbell pled guilty to one count of distributing a measurable quantity of heroin in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).

Campbell's probation officer petitioned the court for a warrant and recommended that the period of supervised release imposed in the instant case be revoked because of the heroin charge. ECF No. 72. A hearing was held in both matters on March 14, 2018. On March 19, 2018, the court sentenced Campbell to 36 months on the revocation charges in the instant case. ECF No. 92. On March 30, 2018, Campbell was sentenced to 65 months on the heroin charges in 7:17-cr-00003. ECF No. 58. The sentences were ordered to run consecutively for a total of 101 months, to be followed by a four-year term of supervised release. ECF No. 58 in 7:17-cr-00003; ECF No. 92 in the instant case. According to the Bureau of Prisons website, Campbell's current release date is June 17, 2024.

2

## I.

At the time Campbell was sentenced in the instant case, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. If the offense involved less than 5 grams of cocaine base, there was no minimum sentence and the maximum was 20 years. 21 U.S.C. § 841(b)(1)(A), (B), and (C) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base. Offenses involving less than 28 grams of cocaine base carry a maximum sentence of 20 years. 21 U.S.C. § 841(b)(1)(A), (B), and (C) (2018).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by

section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

It is undisputed that Campbell committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. If he were sentenced today for an offense involving 5 grams of cocaine base, he would face a 20-year maximum sentence under 21 U.S.C. § 841(b)(1)(C).

At the time the 3-year period of supervised release was imposed on Campbell, his underlying offense was classified as a Class B felony, because it carried a statutory maximum penalty of 40 years. 18 U.S.C. § 3559(a)(2). After passage of the Fair Sentencing Act, made retroactive by passage of the First Step Act, his underlying offense would be classified as a Class C felony because it carries a statutory maximum penalty of 20 years. 18 U.S.C. § 3559(a)(3). Upon revocation based on a Class B felony, a defendant can be sentenced to a term of imprisonment of up to 3 years or 36 months, as Campbell was sentenced in this case. However, upon revocation of a Class C felony, the maximum term of imprisonment is 2 years, or 24 months. 18 U.S.C. § 3583(e)(3).

A defendant is eligible for consideration of a sentence reduction when serving a term of imprisonment for a supervised release violation. United States v. Venable, 943 F.3d 187 (4th Cir. 2019). In the context of the First Step Act, a sentencing court must "correct original sentencing guidelines errors and apply intervening case law made retroactive to the original sentence." United States v. Collington, 995 F.3d 347, 355-56 (4th Cir. 2021). Additionally, courts do not have discretion to impose sentences greater than that allowed under the

4

retroactive provisions of the Fair Sentencing Act. Id. at 356. Therefore, at a minimum, Campbell is entitled to a reduction of his revocation sentence to 2 years, which is the maximum sentence he would receive if he were being sentenced today.

When a defendant is eligible for relief under the First Step Act, the court must accurately recalculate the guidelines sentencing range, correcting original errors and applying intervening case law made retroactive to the original sentence. The court then must consider the § 3553(a) factors to determine what sentence is appropriate. Collington, 995 F.3d at 355. Courts may depart downward from the new guidelines range if circumstances warrant. Id.

Campbell argues that he is entitled to a revocation sentence as low as 1 day. At the time Campbell was sentenced in 2008, his total offense level was 25, which, in conjunction with his criminal history category of VI, gave him a sentencing range of 110-137 months. Presentence Investigation Report (PSR), ECF No. 106 ¶ 80. The court originally sentenced him to 137 months, the top of the guidelines, but reduced the sentence to 100 months based on the substantial assistance motion, a reduction of approximately 27 percent. ECF Nos. 32, 37, 38, 40.

The parties agree that if Campbell were sentenced today on the cocaine base offense, his total offense level would be 21 (based on Amendment 782 to the guidelines and applying the same adjustments). Combined with his criminal history category of VI, his guidelines range would be 63-78 months. Reducing 78 months by 27 percent based on the substantial assistance motion would result in a sentence of approximately 57 months, which is some 16 months less than the sentence he would face today for similar conduct.

Although Campbell served more time on his underlying conviction than he would have served were he convicted today, the court will not apply "banked" time to his revocation sentence. Nothing in the First Step Act makes it appropriate to allow a defendant to "bank" any time he overserved against future violations of his conditions of supervised release. Defendants like Campbell would have very little incentive to comply with the conditions of supervised release if they were allowed to use excess time served in prison to offset any time they might be ordered to serve for violation of the terms of supervised release. See United States v. Johnson, 529 U.S. 53, 59 (2000) (declining to allow excess prison time to be applied to a term of supervised release, reasoning that the objectives of supervised release would be thwarted if excess prison time were applied to offset and reduce the term).

Campbell also argues that his criminal history category of VI greatly overstates the seriousness of his criminal record because five of his scored criminal points were for the state offense of driving with a suspended license. The law allowing a Virginia court to suspend a license solely because the driver failed to pay court costs or fines has been repealed. See Va. Code § 46.2-395 (repealed April 9, 2020). The court acknowledged that Campbell's criminal history was overstated in the Statement of Reasons filed with the judgment in the heroin case, noting that although the career offender guideline applied, his crimes were mostly street-level drug offenses and he had no history of firearms or violence. No. 7:17-cr-0003, ECF No. 58 (filed under seal).

6

## II.

The Collington court directed district courts to make a holistic sentencing determination and made clear that a resentencing under the First Step Act must be procedurally and substantively reasonable. Collington, 995 F.3d at 355, 358. The court will undertake a thorough review of the § 3553(a) factors as they apply to Campbell.

The factors include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

7

18 U.S.C.A. § 3553(a).

Turning first to the nature and circumstances of the offense, the court notes that Campbell breached the court's trust when he engaged in the distribution of heroin. Although the quantity of heroin he distributed was small, Campbell chose to violate the law. Also, Campbell's supervised release had been revoked once before and he was sentenced to time served, which does not appear to have deterred him from further violations. This factor weighs against reducing his revocation term below 24 months.

Looking next at the history and characteristics of the defendant, at the time Campbell was convicted and sentenced, he had a long history of criminal behavior, starting at the age of 14 and continuing until shortly before he was incarcerated on his original federal offense in 2008 at the age of 23. Most of Campbell's offenses were non-violent and many of them were for driving on a suspended license. However, he has quite a few drug-related convictions and two assault and battery convictions. According to the PSR, Campbell and his three siblings were raised by his mother with no assistance from his father. Campbell reported that his mother did the best she could raising the children, but at one point she was found guilty of child neglect in Roanoke City Juvenile and Domestic Court. PSR, ECF No. 106 ¶ 67, 68. Despite this background, the sheer volume of Campbell's prior convictions weighs against reducing his revocation sentence.

Turning to the next factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to

8

afford adequate deterrence to criminal conduct, the court does not believe that a reduction below 24 months is warranted, given Campbell's drug dealing while on supervision.

Regarding the next two factors, since being incarcerated in the federal system, Campbell has had several minor disciplinary infractions, such as for being in an unauthorized area, possessing gambling paraphernalia, being insolent to a staff member, refusing to obey an order, and possessing unauthorized items. He had one disciplinary infraction for fighting with another person in 2012. Since 2013, Campbell has had only one disciplinary incident where he was found in possession of K2[1] in 2019. Inmate Discipline Data, ECF No. 95-1. Campbell is 38 years old, not the young adult he was when first convicted. However, he was indicted on the heroin charge approximately five years ago, indicating he has continued to struggle with obeying the law even as he has gotten older. The court finds that Campbell's new drug dealing conviction and disciplinary record do not support a sentence reduction.

Looking at the kinds of sentences available and the applicable guidelines range, as discussed above, Campbell would face a shorter sentence for the crack cocaine offense as well as for the revocation if he were sentenced today. However, given Campbell's drug dealing while on supervision, the court believes that 24 months is an appropriate sentence for violation of his supervised release conditions.

On balance, the court finds that the factors discussed above, compel conclusion that Campbell's revocation sentence should be reduced to 24 months. The court believes that a

---

[1] "K2" is a synthetic version of THC, the psychoactive ingredient in marijuana. https://www.dea.gov/factsheets/spice-k2-synthetic-marijuana (last viewed Jan. 18, 2022).

sentence of 24 months is consistent with the policy and concerns addressed by the First Step Act and is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a). Therefore, the court will **GRANT** Campbell's First Step Act motion and reduce the revocation sentence to 24 months, to run consecutive to his 65-month sentence for heroin distribution in United States v. Campbell, 7:17-cr-00003, for a total of 89 months.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 04-13-2022

Michael F. Urbanski
Chief United States District Judge